Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Blanche M. Manning | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 04 C 2281 | **DATE** | July 30, 2004 |
| **CASE TITLE** | *First Chicago v. The Woodlawn Organization* | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
    ☐ FRCP4(m)   ☐ General Rule 21   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] The plaintiff's motion to reconsider the grant of the government's motion to dismiss [11-1] is denied. The government's motion to reconsider the order voluntarily dismissing this case is granted. The stay of the sending of the remand order to the Circuit Court of Cook County is hereby lifted. Enter Memorandum and Order.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | |
|---|---|---|---|---|
| | No notices required, advised in open court. | | | Document Number |
| | No notices required. | | number of notices | |
| ✓ | Notices mailed by judge's staff. | | AUG - 3 2004 | |
| | Notified counsel by telephone. | | date docketed | |
| | Docketing to mail notices. | | | IS |
| | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | | |
| RTS/c | courtroom deputy's initials | | date mailed notice | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | | |
|---|---|---|
| FIRST CHICAGO NEIGHBORHOOD DEVELOPMENT CORPORATION, Plaintiff, | ) ) ) ) ) | DOCKETED<br>AUG - 3 2004 |
| v. | ) | 04 C 2281 |
| THE WOODLAWN ORGANIZATION, Defendant. | ) ) ) ) | |

## MEMORANDUM OPINION AND ORDER

This case is currently a procedural tangle as the court granted the plaintiff's motion to voluntarily dismiss, not realizing that it had already ruled on the merits of the government's motion to dismiss and dismissed the claims against the government on the merits. The parties' motions to reconsider the dismissal orders which are adverse to them are before the court. For the following reasons, the plaintiff's motion to reconsider the grant of the government's motion to dismiss is denied and the government's motion to reconsider the grant of the plaintiff's motion to voluntarily dismiss is granted.

### Background

The court recently ruled on the merits of the government's seemingly unopposed motion to dismiss based on sovereign immunity. Specifically, on July 7, 2004, it found that the government enjoyed immunity from suit and remanded the remaining claims to the Circuit Court of Cook County. At this point, the simple and straightforward progression of this action shuddered to a halt.

On July 14th, the plaintiff sought reconsideration of the July 7th order, stating that it had filed a motion to voluntarily dismiss this action on July 1st (the date that its response to

15

the motion to dismiss was due) in lieu of filing a response to the motion to dismiss. At that point, the motion to voluntarily dismiss, which was noticed to be presented on July 15th, was not listed on the court's docket.[1] The court set a briefing schedule on the plaintiff's motion to reconsider and ordered the clerk to delay mailing a certified copy of the remand order to state court so the parties could brief the plaintiff's motion to reconsider.

In the meantime, the plaintiff's motion to voluntarily dismiss surfaced. The court did not recall that it had very recently dismissed the case on the merits. Moreover, the dismissal order addressing the merits of the government's motion to dismiss had not yet made its way to the docket to refresh the court's recollection. The court thus granted the plaintiff's motion to voluntarily dismiss the case. The government then filed its own motion to reconsider the granting of the plaintiff's motion to voluntarily dismiss. Thus, as matters stand, the government wants the court to uphold the merits dismissal and vacate the conflicting voluntary dismissal. The plaintiff, of course, wants the opposite result and has asked the court to uphold the voluntary dismissal and vacate the conflicting merits dismissal.

### Motion to Reconsider

The plaintiff states that it filed its motion to voluntarily dismiss instead of responding to the government's motion to dismiss on the merits to facilitate settlement negotiations between the parties. Settlement, however, is not a basis for the expungement of prior orders. *See Matter of Memorial Hosp. of Iowa County, Inc.*, 862 F.2d 1299, 1300 (7th Cir. 1988).

---

[1] The docket reflects that the motion, dated, July 1st, was actually docketed in on July 16th.

The plaintiff also asks the court to vacate the merits order, contending that if the court had known that the plaintiff wanted to dismiss its case, the court would have likely granted that motion rather than ruling on the merits of the government's motion to dismiss. The plaintiff, however, does not address the basis of the court's sovereign immunity ruling. The court appreciates the heartfelt dismay felt by counsel for the plaintiff. Counsel understandably believed that his motion to voluntarily dismiss would promptly appear on the docket and that the court would have the motion before it when it considered the government's motion to dismiss. However, for reasons explained later in this order, this did not occur.

Instead, the court waited almost a week after the response to the motion to dismiss was due to receive the response and then, believing the government's motion to dismiss was unopposed, ruled on the merits. This leaves the plaintiff in a bind as courts cannot step back into the past and rewrite history. *See id.* at 1300. Moreover, the Seventh Circuit has specifically held that it is a clear abuse of discretion to decide an issue on the merits and then vacate the merits order to allow the parties to obtain a dismissal without prejudice. *Villegas v. Princeton Farms, Inc.*, 893 F.2d 919, 923 (7th Cir. 1990).

Thus, in *Villegas*, the district court granted the defendant's 12(b)(6) motion to dismiss the plaintiff's diversity complaint. It then granted the plaintiff's motion to vacate that order and allowed the plaintiff to voluntarily dismiss his case without prejudice so he could refile his complaint in state court. The Seventh Circuit reversed, holding that the latter order represented a clear abuse of discretion because it was based on a desire to allow the plaintiff to obtain a voluntary dismissal as opposed to a change of heart regarding the merits of the legal arguments. *Id.* at 923-24.

-3-

Here, the plaintiff is asking the court to vacate its merits order to allow it to obtain a voluntary dismissal, but does not provide the court with any basis to change its mind regarding the merits of the sovereign immunity merits order. The Seventh Circuit has expressly held that such a ruling would be a clear abuse of discretion. Accordingly, the plaintiff's motion to reconsider the grant of the government's motion to dismiss must be denied. This means that the government's motion to reconsider the grant of the plaintiff's motion to dismiss is granted.

## The Mechanics of Docketing a Motion

The court concludes by explaining how the "ships passing in the night" docketing problem arose. The Clerks' Office took fifteen days (eleven of which were business days) to docket the plaintiff's motion to voluntarily dismiss. This occurred because the plaintiff filed its motion for voluntary dismissal on July 1st but noticed it for two weeks later, on July 15th.

When the original and judge's copy of a non-emergency motion arrives in chambers, it is this chamber's practice for the court's deputy minute clerk to log the motion in for the date noticed. The clerk then gives the motion to the court approximately two days before the motion call, when all the motions for that day have arrived. At that point, the court determines whether it can enter an order based on its perusal of the motion or whether it needs to hear the motion in open court.

When a minute order is generated addressing the motion, the motion and minute order go back to the clerk's office, where the motion is entered on the court's docket. Usually, the delay between filing a motion and entry of that motion on the docket is insignificant because motions are generally noticed for a date close to the filing date. The court, however, certainly appreciates that counsel and opposing counsel's schedules do not always permit this.

This case illustrates the perils of filing a motion in lieu of a response on the day that the response is due. The fact that counsel did not anticipate that this would cause a problem is, however, understandable, given that the court, which has ruled on literally thousands of motions during its time on the federal bench, did not itself know how motions were entered on the docket. The lesson that counsel can take away from this case for the future is that a call to chambers is advisable if counsel is filing a motion in lieu of a response. Otherwise, counsel runs the risk that, as here, the court will conclude that a motion is unopposed.

## Conclusion

For the above reasons, the plaintiff's motion to reconsider the grant of the government's motion to dismiss is denied and the government's motion to reconsider the grant of the plaintiff's motion to dismiss is granted.

DATE:

Blanche M. Manning
United States District Judge

04cv2281.re